17SL-CC02323

Electronically Filed - St Louis County - June 28, 2017 - 11:09 AM

IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS
STATE OF MISSOURI

| | | |
|---|---|---|
| NICHOLE HOLZUM, | ) | EXHIBIT A |
| | ) | |
| KATHRYN SCHOTT, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| MARILYN ROGERS, on behalf of themselves and all others similarly situated, | ) ) | |
| | ) | |
| Plaintiffs, | ) | Cause No. |
| | ) | |
| vs. | ) | Division: |
| | ) | |
| WAL-MART STORES, INC., | ) | |
| Serve: Registered Agent | ) | |
| CT COPORATION SYSTEM | ) | JURY TRIAL DEMANDED |
| 120 South Central Avenue | ) | |
| Clayton, MO 63105 | ) | |
| | ) | |
| WAL-MART.COM USA, LLC, | ) | |
| Serve: Registered Agent | ) | |
| CT COPORATION SYSTEM | ) | |
| 120 South Central Avenue | ) | |
| Clayton, MO 63105 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| WAL-MART STORES EAST I, LP | ) | |
| Serve: Registered Agent | ) | |
| CT COPORATION SYSTEM | ) | |
| 120 South Central Avenue | ) | |
| Clayton, MO 63105 | ) | |
| | ) | |
| Defendants. | ) | |

**CLASS ACTION PETITION FOR DAMAGES**

COME NOW Plaintiffs Nichole Holzum, Kathryn Schott, and Marilyn Rogers, and bring this action on behalf of themselves and all others similarly situated ("Class") against Defendants

Wal-Mart Stores, Inc., Wal-Mart.com USA, LLC, and Wal-Mart Stores East I, LP (collectively referred to as "Defendants" or "Wal-Mart"); and, upon information and belief, alleges as follows:

## PARTIES

1. At all relevant times, Plaintiffs were and are Missouri citizens residing in Missouri.

2. This is an action brought directly by Plaintiffs against Defendants.

3. Wal-Mart Stores, Inc. is a Delaware corporation with its principal place of business at 124 West Capitol Avenue, Suite 1900, Little Rock, AK 72201. Wal-Mart Stores, Inc. is the ultimate parent company of myriad subsidiaries that operate as a single, global organization, with divisions for: (1) Wal-Mart domestic US Walmart stores and Walmart.com sales; (2) Sam's Club operations; and (3) international business. Wal-Mart exercises complete control of the subsidiaries, which act as agents on behalf of, and within the course and scope of the agency with, Wal-Mart. Wal-Mart's subsidiaries are without separate and distinct corporate identities and are operated as a mere shell, created to perform a function for Wal-Mart's common shareholders. Wal-Mart Stores, Inc. operates stores throughout the United States, including approximately 156 retail stores in Missouri.

4. Wal-Mart.com USA, LLC is a California corporation with its principal place of business at 7000 Marina Blvd., Brisbane, CA 94005 that offers online retail services.

5. Wal-Mart Stores East I, LP is a Delaware corporation that purports to own and operate all Walmart stores in various states, including Missouri.

6. Wal-Mart conducts, and at all relevant times, has conducted business in St. Louis County.

7. Wal-Mart conducts, and at all relevant times, has conducted business in St. Louis County through remotes sales channels, including internet e-commerce sales.

## JUISDICTION & VENUE

8. This Court has personal jurisdiction over Wal-Mart because the acts and/or omissions which are the subject of this litigation occurred in St. Louis County, Missouri, and Defendant regularly conducts business in St. Louis County, Missouri.

9. Venue is proper in St. Louis County, Missouri pursuant to Missouri Revised Statute § 508.010.

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1341.

## FACTUAL ALLEGATIONS

11. Plaintiffs bring this action on behalf of themselves and a proposed class of Missouri residents who were charged a 4.225% state sales tax rate on products that contain a "Nutrition Facts" label.

12. Missouri mandates that retailers charge a state sales tax rate on retail sales of their products.

13. Missouri state sales tax is based on both statutory rates and constitutionally imposed components.

14. Title X of the Missouri Taxation and Revenue, Chapter 144, sets forth the statutory scheme for the state of Missouri for the collection of sales tax.

15. Missouri Revised Statutes § 144.020 provides that all retail sellers shall be subject to a sales tax "equivalent to four percent of the consideration paid or charged" for all retail sales in the state of Missouri.

16. Missouri Revised Statutes § 144.014 sets forth a reduced 1% state sales tax rate on retail sales of qualifying food and states in relevant part:

> 1. Notwithstanding other provisions of law to the contrary, beginning October 1, 1997, the tax levied and imposed pursuant to sections

Electronically Filed - St Louis County - June 28, 2017 - 11:09 AM

> 144.010 to 144.525 and sections 144.600 to 144.746 on all retail sales of food shall be at the rate of one percent.
>
> 2. For the purposes of this section, the term "food" shall only include those products and types of food for which food stamps may be redeemed pursuant to the provisions of the Federal Food Stamp Program as contained in 7 U.S.C. Section 2012, as that section now reads or as it may be amended hereafter…

17. In addition to these taxes imposed by the state sales tax laws, there are additional taxes applicable to both retail sales in general and retail sales of qualifying food imposed by the Missouri Constitution:

   i. Mo. Const. Ar. IV § 43(a) imposes a conservation sales tax of 0.125%; and

   ii. Mo. Const. Ar. IV § 47(a) imposes a water conservation and state parks sales tax of 0.100%.

18. When these constitutionally imposed components of the Missouri state sales tax rate are added to the statutory rates, the state sales tax rate for retail sales is 4.225% and the reduced state sales tax rate for retail sales of qualifying food is 1.225%.

19. There are also additional local sales taxes that are imposed on sales at retail based on the place of business of the retailer making the sales.

20. For purposes of the Federal Food Stamp Program under 7 U.S.C. Section 2012, "food" is defined as "any food or food product for home consumption."

21. In accordance with this definition of food under 7 U.S.C. Section 2012, the Federal Food Stamp Program, now called the Supplemental Nutrition Assistance Program ("SNAP"), provides that items not considered food are products that contain alcohol or tobacco, items that are not intended for human consumption, foods sold hot at the point-of-sale, and vitamins and supplements.  MO Dep't of Rev. LR 7673.

22. Pursuant to the United States Department of Agriculture, Food and Nutrition Service guidance, the determinative factor of whether a product is eligible for purchase with food stamps is the type of product label the manufacturer is required to use to conform to the labeling guidelines of the Food and Drug Administration ("FDA").

23. Pursuant to these FDA guidelines, products that carry a "Nutrition Facts" label are eligible foods for purchase under SNAP, while products that carry a "Supplement Facts" label are classified by the FDA as supplements and are not eligible food. MO Dep't of Rev. LR 7673.

24. Despite clear Missouri law to the contrary, Wal-Mart has in the past and on information and belief, continues to charge a 4.225% sales tax rate on numerous products that contain a "Nutrition Facts" label.

25. Plaintiffs bring this class action on behalf of themselves and all persons and entities who, during the five-year period before the filing of this Petition, purchased retail food items with a "Nutrition Facts" label at any Wal-Mart store located in Missouri, or online from Wal-Mart for Missouri delivery, that were charged sales tax monies at the 4.225% state sales tax rate rather than the reduced 1.225% state sales tax rate for qualifying food.

### NAMED PLAINTIFF ALLEGATIONS

26. On February 26, 2017, Plaintiff Nichole Holzum purchased Muscle Milk Chocolate Lean Muscle Protein Powder from www.walmart.com for instore pickup at the Wal-Mart store located at 1900 Maplewood Commons Drive, Maplewood, Missouri 63143. This product has a "Nutrition Facts" label and, therefore, qualifies for a 1.225% reduced food state sales tax rate.

27. Pursuant to the Missouri Department of Revenue, the correct cumulative tax rate for retail sales of qualifying food on www.walmart.com for instore pickup at the Wal-Mart store

5

located at 1900 Maplewood Commons Drive, Maplewood, Missouri 63143 on February 26, 2017 is 6.225%, which includes the 1.225% reduced food state sales tax rate.

28.     Pursuant to the Missouri Department of Revenue, the correct cumulative tax rate for retail sales on www.walmart.com for instore pickup at the Wal-Mart store located at 1900 Maplewood Commons Drive, Maplewood, Missouri 63143 on February 26, 2017 is 9.613%, which includes the 4.225% state sales tax rate.

29.     On this date, Wal-Mart required Plaintiff Nichole Holzum to pay a 9.619% cumulative tax rate, which includes monies at the 4.225% state sales tax rate rather than the reduced 1.225% state sales tax rate for qualifying food.  Exhibit 1.

30.     On April 12, 2017, Plaintiff Kathryn Schott purchased Pure Protein Rich Chocolate 100% Whey Protein Powder from www.walmart.com for pickup at the Wal-Mart store located at 653 Gravois Bluffs Boulevard, Fenton, Missouri 63026.  This product has a "Nutrition Facts" label and, therefore, qualifies for a 1.225% reduced food state sales tax rate.

31.     Pursuant to the Missouri Department of Revenue, the correct cumulative tax rate for retail sales of qualifying food on www.walmart.com for instore pickup at the Wal-Mart store located at 653 Gravois Bluffs Boulevard, Fenton, Missouri 63026 on April 12, 2017 is 5.225%, which includes the 1.225% state sales tax rate for qualifying food.

32.     Pursuant to the Missouri Department of Revenue, the correct cumulative tax rate for retail sales on www.walmart.com for instore pickup at the Wal-Mart store located at 653 Gravois Bluffs Boulevard, Fenton, Missouri 63026 on April 12, 2017 is 8.613%, which includes the 4.225% state sales tax rate.

33. On this date, Wal-Mart required Plaintiff Kathryn Schott to pay an 8.621% cumulative tax rate, which includes monies at the 4.225% state sales tax rate rather than the reduced 1.225% state sales tax rate for qualifying food. Exhibit 2.

34. On May 23, 2017, Plaintiff Marilyn Rogers purchased ReliOn Glucose Gel at the Wal-Mart store located at 1900 Maplewood Commons Drive, Maplewood, Missouri 63143. This product has a "Nutrition Facts" label and, therefore, qualifies for a 1.225% reduced food state sales tax rate.

35. Pursuant to the Missouri Department of Revenue, the correct cumulative tax rate for retail sales of qualifying food at the Wal-Mart store located at 1900 Maplewood Commons Drive, Maplewood, Missouri 63143 on May 23, 2017 is 6.225%, which includes the 1.225% state sales tax rate for qualifying food.

36. Pursuant to the Missouri Department of Revenue, the correct cumulative tax rate for retail sales at the Wal-Mart store located at 1900 Maplewood Commons Drive, Maplewood, Missouri 63143 on May 23, 2017 is 9.613%, which includes the 4.225% state sales tax rate.

37. On this date, Wal-Mart required Plaintiff Marilyn Rogers to pay an 9.613% cumulative tax rate, which includes monies at the 4.225% state sales tax rate rather than the reduced 1.225% state sales tax rate for qualifying food. Exhibit 3.

**CLASS ACTION ALLEGATIONS**

38. Plaintiffs bring this action pursuant to Missouri Supreme Court Rule 52.08 and Missouri Revised Statutes §§407.025.2 and 407.025.3 on behalf of herself and a class defined as follows:

> All persons and entities who, during the five-year period before the filing of this Petition, purchased retail food items with a "Nutrition Facts" label at any Wal-Mart store located in Missouri, or online from Wal-Mart for Missouri delivery, that were charged sales tax

monies at the 4.225% state sales tax rate rather than the reduced 1.225% state sales tax rate for qualifying food.

Excluded from the class are:

    i. Defendants, any entity in which a Defendant has a controlling interest or which has a controlling interest in a Defendant, and Defendant's legal representatives, predecessors, successors, assigns, and employees;

    ii. Counsel and members of the immediate family of counsel for Plaintiffs herein; and

    iii. The judge and staff to whom this case was assigned, and any member of the judge's immediate family.

39. Plaintiffs reserves the right to revise this definition of the class based on facts they learn during discovery.

40. Plaintiffs bring this action on their own behalf, and as a class action on behalf of the Class defined herein, pursuant to, and properly maintainable under Missouri Supreme Court Rule 52.08 and Missouri Revised Statutes §§407.025.2 and 407.025.3.

41. Plaintiffs are members of the Class because, during the Class Period, they purchased retail food items with a "Nutrition Facts" label at Wal-Mart stores located in Missouri, or online from Wal-Mart for Missouri delivery, that were charged sales tax monies at the 4.225% state sales tax rate rather than the reduced 1.225% state sales tax rate for qualifying food.

42. Plaintiffs, on information and belief, assert that, during the Class Period, thousands of Class members have similarly purchased numerous other retail food items with a "Nutrition Facts" label at Wal-Mart stores located in Missouri, or online from Wal-Mart for Missouri delivery, that were charged sales tax monies at the 4.225% state sales tax rate rather than the reduced 1.225% state sales tax rate for qualifying food.

43. The particular members of the Class are capable of being described without difficult managerial or administrative problems. The members of the Class are readily identifiable from the information and records in the possession or control of the Defendant.

44. The Class consists of thousands of individual members and is, therefore, so numerous that individual joinder of all members is impractical.

45. This Class is believed to comprise many consumers, the joinder of whom is impracticable both because of their number and because they are spread out across the state of Missouri. Moreover, the amount of damages suffered individually by each member is so small as to make suit for its recovery by each one economically unfeasible.

46. Class treatment will provide substantial benefit to both the parties and the court system. A well-defined commonality of interest in the questions of law and fact involved affects Plaintiffs and all proposed members of the Class.

47. There are questions of law and fact common to the Class, which questions predominate over any questions affecting only individual members of the Class and, in fact, the wrongs suffered and remedies sought by Plaintiffs and the other members of the Class are premised upon an unlawful scheme perpetuated uniformly upon all the Class members. The only material difference between the Class members' claims is the exact monetary amount to which each member of the Class is entitled. The principal common issues include, but are certainly not limited to the following:

    a. Whether Wal-Mart charged and collected a 4.225% state sales tax rate on products that contain a "Nutrition Facts" label purchased in its Missouri store locations or purchased online for Missouri delivery;

b. Whether charging and collecting incorrect sales tax on retail sales of qualifying food by Wal-Mart constituted an unlawful practice;

c. Whether charging and collecting incorrect sales tax on retail sales of qualifying food by Wal-Mart constituted an unfair practice;

d. Whether charging and collecting incorrect sales tax on retail sales of qualifying food generated a profit for Wal-Mart;

e. Whether Wal-Mart misrepresented that a 4.225% state sales tax rate was owed on retail sales of qualifying food;

f. Whether Wal-Mart was negligent in calculating sales tax owed by its customers for purchases of retail sales of food;

g. Whether Wal-Mart was negligent in charging a 4.225% state sales tax on retail sales of food;

h. Whether Wal-Mart's practices with respect to its calculation of sales tax on retail sales are an unfair and unethical business practice;

i. Whether Wal-Mart's customers were damaged due to Wal-Mart's unlawful tax practices;

j. Whether Wal-Mart should, under Missouri law, be required to refund tax monies to Plaintiffs and Class;

k. Whether Wal-Mart acted with the malice necessary for the imposition of punitive damages;

l. Whether Plaintiffs and the Class conferred a benefit on Wal-Mart in the form of money collected by Wal-Mart as retail sales tax would be unjust;

    m. Whether Wal-Mart should be enjoined from continuing its improper and unlawful sales tax practices as described above.

    n. Whether Wal-Mart should be required to pay attorney's fees.

48. Plaintiffs' claims are typical of the proposed Class.

49. Plaintiffs will fairly and adequately represent and protect the interests of the members of the Class. Plaintiffs have no claims antagonistic to those of the Class. Plaintiffs have retained competent and experienced counsel. Undersigned counsel is committed to the vigorous prosecution of this action.

50. The questions of law and fact common to the members of the Class, some of which are set out above, predominate over any questions affecting only individual members of the Class. The resolution of common questions in this case will resolve the claims of both Plaintiffs and the Class.

51. A class action is superior to other available methods for the fair and efficient adjudication of this controversy, because members of the Class are numerous and individual joinder is impracticable. The expenses and burden of individual litigation would make it impracticable or impossible for proposed members of the Class to prosecute their claims individually. Trial of Plaintiffs' claims is manageable.

52. Unless a class is certified, Wal-Mart will retain monies received and Plaintiffs will have suffered damages as a result of Wal-Mart's illegal collection of taxes from Plaintiffs and proposed members of the Class. Unless a class-wide injunction is issued, Wal-Mart will continue to commit violations against customers.

53. This action is maintainable as a class action pursuant to Rule 52.08 of the Missouri Rules of Civil Procedure and pursuant to Mo. Rev. Stat. § 407.025.

## COUNT I:  VIOLATION OF THE MISSOURI MERCHANDISING PRACTICES ACT

54. Plaintiffs incorporates by reference all preceding paragraphs of this Petition as if fully set forth herein.

55. Wal-Mart's actions alleged herein violated, and continue to violate, the Missouri Merchandising Act ("MMPA"), Mo. Rev. Stat. § 407.010 *et seq.*

56. Wal-Mart is a "person" within the meaning of the MMPA, at Missouri Revised Statutes § 407.010(5).

57. The goods purchased at Wal-Mart are "merchandise" within the meaning of the MMPA, Missouri Revised Statutes § 407.010(4).

58. The transactions resulting in purchases of goods from Wal-Mart in Missouri are a "sale" within the meaning of the MMPA, Missouri Revised Statutes § 407.010(6).

59. Wal-Mart's actions alleged herein constituted and continue to constitute, illegal deceptive practice in violation of Mo. Rev. Stat. § 407.020.1 in that they were and are deception, fraud, false pretense, false promise, misrepresentation, unfair practice and/or the concealment, suppression, or omission of material fact in connection with the sale of merchandise in trade or commerce, within the meaning of the MMPA.

60. Wal-Mart's actions alleged herein violated, and continue to violate, the MMPA because they constituted, and continue to constitute, unfair practices as that term is defined in Mo. Code Regs. Tit. 15, § 60-8.020.  Specifically, they were and are, *inter alia*, unethical.

61. Plaintiffs and the Class have suffered ascertainable loss due to the unfair and deceptive practices described in this Count.

62. Plaintiffs and the Class seek actual damages for all monies paid in violation of Missouri Revised Statutes § 144.014.

12

63. Appropriate injunctive relief is necessary to prevent Wal-Mart's MMPA violations from continuing. If Wal-Mart's violations of the MMPA are not stopped by such injunctive relief, Plaintiffs and the members of the class will continue to suffer injury by being charged a 4.225% state sales tax rate on products that contain a "Nutrition Facts" label.

64. The conduct of Wal-Mart was malicious, corrupt, and intentional and/or reckless to a degree sufficient to support an award of punitive damages against Wal-Mart.

65. WHEREFORE, Plaintiffs and the Class pray for the relief requested in the Prayer for Relief set forth below in this Petition.

## COUNT II: UNJUST ENRICHMENT

66. Plaintiffs incorporate by reference and re-allege all preceding paragraphs of the Petition as though fully set forth herein.

67. As alleged above, Wal-Mart charged and collected a 4.225% state sales tax rate on products that contain a "Nutrition Facts" label in violation of Missouri law.

68. Wal-Mart has been unjustly enriched in that they received and retained the benefit of funds to which they were not entitled and received in violation of Missouri law.

69. Said funds were conferred on Wal-Mart by Plaintiff and the Class members under a mistake of fact due to Wal-Mart's misrepresentations, and unlawfully obtained to the detriment of Plaintiff and the Class members.

70. Wal-Mart's retention of these funds is unjust because Wal-Mart misrepresented the amount of sales tax due for the provision of its goods and services, and collected more sales tax than allowed under Missouri law.

71. Allowing Wal-Mart to retain the aforementioned benefits violates fundamental principles of justice, equity, and good conscience.

72.　WHEREFORE, Plaintiffs and the Class pray for the relief requested in the Request for Relief set forth below in this Petition.

### COUNT III: NEGLIGENCE

73.　Plaintiffs incorporate by reference and re-allege all preceding paragraphs of the Petition as though fully set forth herein.

74.　Wal-Mart owed Plaintiffs and all others similarly situated a duty to exercise reasonable care to determine, represent, charge and collect the correct amount of sales tax on food and services.

75.　Wal-Mart was negligent and breached its duty of reasonable care in the following respects:

　　a. Incorrectly calculating the amount of sales tax it was allowed to charge customers on products that contain a "Nutrition Facts" label;

　　b. Charging a 4.225% state sales tax rate on products that contain a "Nutrition Facts" label in violation of Missouri law;

　　c. Collecting a 4.225% state sales tax rate on products that contain a "Nutrition Facts" label in violation of Missouri law;

　　d. Failing to disclose to customers that it was charging a 4.225% state sales tax rate on products that contain a "Nutrition Facts" label.

76.　As a direct and proximate result of Wal-Mart's negligence, Plaintiffs and all others similarly situated sustained monetary damages in the form of excessive sales taxes paid.

77.　WHEREFORE, Plaintiffs and the Class pray for the relief requested in the Request for Relief set forth below in this Petition.

## COUNT IV:  MONEY HAD AND RECEIVED

78. Plaintiffs incorporates by reference all preceding paragraphs of this Petition as if fully set forth herein.

79. Wal-Mart has received money from Plaintiffs and the Class by charging a 4.225% state sales tax rate on products that contain a "Nutrition Facts" label rather than the 1.225% reduced food state sales tax rate mandated by Missouri law, which in equity and good conscience ought to be returned to Plaintiff and the Class.

80. WHEREFORE, Plaintiffs and the Class pray for the relief requested in the Request for Relief set forth below in this Petition.

## PRAYER FOR RELIEF

81. WHEREFORE, Plaintiffs and each member of the proposed Class pray for a judgment:

(a) Certifying the Class as requested herein;

(b) Entering an order appointing Goffstein Law, LLC and Orlowsky Law, LLC as counsel for the Class;

(c) Awarding Plaintiffs and the Class compensatory damages, including a full refund of the amount of excessive sales taxes paid;

(d) Awarding restitution to Plaintiffs and Class;

(e) Awarding declaratory and injunctive relief as permitted by law or equity including a preliminary and permanent injunction enjoining Wal-Mart from continuing the unlawful practices as set forth herein, specifically the charging of a 4.225% state sales tax rate on products that contain a "Nutrition Facts" label;

(f) Awarding punitive damages in an amount to be determined at trial;

15

(g) Awarding pre-judgment interest;

(h) Awarding post-judgment interest;

(i) Awarding attorneys' fees and costs;

(j) Providing such further relief as the Court may deem fair and reasonable.

## JURY DEMAND

82. Plaintiffs demand a trial by jury on all issues so triable.

Respectfully submitted,

GOFFSTEIN LAW, LLC

/s/ Adam M. Goffstein
Adam M. Goffstein, #45611
7777 Bonhomme, Suite 1910
St. Louis, Missouri 63105
Phone:  (314) 725-5151
Fax:  (314) 725-5161
Adam@goffsteinlaw.com

Attorney for Plaintiffs

ORLOWSKY LAW, LLC

/s/ Daniel J. Orlowsky
Daniel J. Orlowsky, #57387
7777 Bonhomme, Suite 1910
St. Louis, Missouri 63105
Phone:  (314) 725-5151
Fax:  (314) 725-5161
Dan@orlowskylaw.com

Attorney for Plaintiffs